IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHEET METAL WORKERS <br> INTERNATIONAL ASSOCIATION <br> LOCAL 268, et al., <br> <br> Plaintiffs, <br> <br> vs. <br> <br> ENSKAT MECHANICAL, LLC, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-2057-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

Plaintiffs filed the instant action against Defendant Enskat Mechanical, LLC on September 2, 2022, alleging violations of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185 *et seq*. and the Employment Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132, *et seq*. for delinquent fringe benefit contributions and interest (Doc. 1).

Defendant was served with a copy of the Summons and Complaint on September 9, 2022 (Doc. 5). Defendant failed to answer Plaintiffs' Complaint or otherwise plead, and a Clerk's Entry of Default was made on October 5, 2022 (Doc. 7). The case is now before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 8).

**Factual Background**

Defendant Enskat Mechanical, LLC was a party to a collective bargaining agreement ("CBA") with Plaintiff Sheet Metal Workers International Association Local 268 ("Union") pursuant to which Enskat was bound to remit reports and contributions, in specified amounts, to the Sheet Metal, Air,

Rail and Transportation Workers International Association Local 268 Amended Pension Trust ("Pension Fund"), Sheet Metal Workers Local 268 Welfare Plan ("Welfare Fund"), Local 268 of the International Association of Sheet Metal, Air, Rail and Transportation Workers Vacation Trust ("Vacation Fund"), and Sheet Metal Workers Local Union No. 268 Joint Apprenticeship and Training Committee ("Apprenticeship Fund"). Notwithstanding its obligation, Enskat failed and refused to submit unpaid contributions due.

Under the CBA, delinquent employers are liable for costs associated with the collection of payments, including attorney's fees, interest, audit costs, and court costs. Further, under ERISA, the Court must award unpaid contributions, interest on the unpaid contributions, liquidated damages in an amount equal to the interest or in the amount set forth in the plan, and reasonable attorneys' fees and costs.

### Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seek the following damages on default for the actual amount due and owing:

a. $28,384.92 in delinquent contributions;

b. $2,270.79 in interest; and,

c. $1,307.52 in attorneys' fees and court costs.

The Court finds that the damages on default are ascertainable without the necessity of a hearing (*see* Docs. 1; 8-1; 8-2; 8-3; 8-4; 8-5). Accordingly, Plaintiffs' Motion is **GRANTED**. Default Judgment is entered in favor of Plaintiffs and against Defendant Enskat Mechanical, LLC in the amount of $31,963.23. The Clerk of Court is **DIRECTED** to enter Judgment accordingly and to close this case.

**IT IS SO ORDERED.**

**DATED:** October 20, 2022

_____
**STACI M. YANDLE**
**United States District Judge**